UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:13-CR-00029

UNITED STATES OF AMERICA,                                                                 Plaintiff

v.

MEKELL D. WILLIAMS                                                                         Defendant

## MEMORANDUM OPINION AND ORDER

This matter is pending for consideration of the Findings of Fact, Conclusions of Law and Recommendation regarding Defendant Mekell D. Williams's motion to suppress a firearm and other evidence retrieved by authorities after utilizing a GPS-tracking device in his wife's vehicle. (Docket No. 29). Following an evidentiary hearing on the motion to suppress, Magistrate Judge Lanny King recommended that the Court deny the motion on January 14, 2015, (Docket No. 44), and this Court agreed. The Defendant then filed a *pro se* pleading, (Docket No. 46), which was ambiguous as to whether it was an objection to the Report and Recommendation or a Notice of Appeal. After discussing this matter with counsel, the Court decided to view that motion as a motion to extend time to object to the Magistrate Judge's Report and Recommendation. The Court vacated its order of February 27, 2015, (Docket No. 45), adopting the Report and Recommendation of the Magistrate Judge. The Defendant filed objections to the Report and Recommendation. (Docket No. 49). Further, the Defendant filed a letter to the Court regarding this issue. (Docket No. 51).

The Court has reviewed the record, the Magistrate's Report and Recommendation, and the Defendant's objection to the Report and Recommendation. Pursuant to 28 U.S .C. § 636(b)(1)(C), the Court has reviewed *de novo* the portions of the Magistrate's Report and

Recommendation to which objection is made. This Court agrees with the ultimate conclusion of the Magistrate that Defendant's Motion to Suppress (Docket No. 29) be **DENIED**, and it writes separately to clarify its position on some issues.

The facts in this matter were recited in the Magistrate's Report and Recommendation. In the interest of brevity, the Court will not recite the factual background again.

## DISCUSSION

1.   Standing to challenge the search

The Court must resolve the question of the Fourth Amendment "standing" of the Defendant to assert his personal constitutional rights. *United States v. Mastromatteo*, 538 F.3d 535, 544 (6th Cir. 2008) ("Determining that a defendant has Fourth Amendment standing is a prerequisite...."); *United States v. Sangiento Miranda*, 859 F.2d 1501, 1510 (6th Cir. 1988) ("We consider the issue of standing at the outset."). Standing in the present context is merely a shorthand reference for a threshold determination under the Fourth Amendment of whether the defendant a legitimate expectation of privacy in the place searched or the items seized. *See United States v. Garcia*, 496 F.3d 495, 503 n.3 (6th Cir. 2007). The defendant must satisfy a two-part test that asks whether he had a subjective expectation of privacy in the location of the challenged search; and, whether society is prepared to recognize that expectation as being legitimate. *California v. Ciraolo*, 476 U.S. 207, 211 (1986).

The Government argued that the Defendant has no privacy interest in the vehicle because it belonged to his wife, he stole it from her, and he had no property or possessory interest in the vehicle. The Defendant argues in his Objections that Kentucky's marital property laws provide the Defendant with sufficient ownership/possessory interest to establish standing. (Docket No. 49). The Court agrees with the Magistrate's recommendation stating that this does not provide

2

the Defendant with a sufficient interest to establish standing. Further, the Court notes that "ownership interest is only one fact to be considered and standing alone will not give defendant a reasonable expectation of privacy." *See United States v. Metzger*, 778 F. 2d 1195 (6th Cir. 1985) ("We fail to see how defendant, absent more than an ownership interest, had a reasonable expectation of privacy in his wife's personal vehicle."); *Rawlings v. Kentucky*, 448 U.S. 98, 105–07 (1980).

    2.    <u>Reasonableness of search</u>

The Government argues that the period in which the GPS was utilized is constitutional under *United States v. Jones*, ___ U.S. ___, 132 S.Ct. 945, 181 L.Ed.2d 911 (2012), because there was no physical trespass to the vehicle. Additionally, the Government argues that the GPS tracking should be analyzed under the *Katz v. United States,* 389 U.S. 347 (1967), framework, and that it is constitutional because the Defendant had no reasonable expectation of privacy. In his Objections, the Defendant notes that the Magistrate judge "relied heavily on a Seventh Circuit case, *United States v. Martin*, 712 F.3d 1080 (7th Cir. 2013) in support of the proposition that it was proper to use the GPS data from the car, despite the fact that it was obtained without a warrant or permission of either Defendant or his wife, because it simply 'aided law enforcement officials in tracking down [the defendant] when they decided to effect his arrest.'" (Docket No. 49).

While the Court agrees with the Magistrate's reasoning, it writes separately to note that, because there was no physical trespass as in *Jones*, the legal framework detailed in *Katz* should apply. *United States v. Knotts*, 460 U.S. 276, 281 (1983), expanded upon the *Katz* framework; there the Supreme Court held that "[a] person travelling in an automobile on public thoroughfares has no reasonable expectation of privacy in his movements from one place to

another." *Id*. Under the *Katz/Knotts* analysis, the Court finds that the search in this situation was reasonable.

      3.      <u>Consent to search</u>

Finally, the Government argued that the search was consensual, as the Defendant's wife Mrs. Williams consented to use of the GPS to track the vehicle. The Magistrate noted that the Defendant acknowledged that Mrs. Williams normally drove the vehicle and that it was registered to her. (Docket No. 44). Thus, Mrs. Williams had authority to consent to this search. Further, the Magistrate stated that "[t]here was no significant conflict in the testimony on the question of consent . . .", noting that Detective Phelps emphatically stated that Mrs. Williams told Detective Phelps to turn the GPS unit on. (Docket No. 44). While Mrs. Williams did not remember all of these events, the Magistrate, after hearing testimony at a hearing, found Detective Phelp's testimony to be credible and positive evidence. (Docket No. 44). Finally, the Magistrate acknowledges the Defendant's argument that this was not adequately reflected in Detective Phelps's report, but ultimately found the Detective's testimony credible evidence of consent.

Accordingly, it is ORDERED that:

      1.      The Recommended Disposition of Magistrate Judge Lanny King (Docket No. 44) is **ADOPTED** and **INCORPORATED** by reference; and

      2.      Defendant Mekell D. Williams's motion to suppress (Docket No. 29) is **DENIED**.